IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-02177-RBJ

GALEN LEMAR AMERSON and FRANCES MOORER SCOTT,

      Petitioners,

v.

UNITED STATES BANKRUPTCY COURT, District of Colorado,

      Respondents.

---

## ORDER DENYING PETITION

---

On September 8, 2017 petitioners Galen LeMar Amerson and Frances Moorer Scott filed a Petition for Mandamus seeking an order directing the Clerk of the United States Bankruptcy Court for the District of Colorado to transfer that court's files to this Court for purposes of a de novo review of certain orders of the bankruptcy court. Petitioners cite Bankruptcy Rule 5011-3(a)(3). There is no such rule, either in the Federal Rules of Bankruptcy Procedure or in the Local Bankruptcy Rules of the United States District Court for the District of Colorado. I deem the Petition, in substance, either to seek a withdrawal of the reference pursuant to Bankruptcy Rule 5011(a) and Local Bankruptcy Rule 5011-1 or an appeal to the district court pursuant to Bankruptcy Rule 8005.[1]

---

[1] As discussed later in this order, on July 13, 2017 the bankruptcy court denied several motions filed by Mr. Amerson and Ms. Scott, a major issue being their attempt to relitigate issues concerning a previous bankruptcy court order dubbed the "Settlement Order." Bankruptcy Case No. 12-17345-KHT, Doc. No. 305. Mr. Amerson and Ms. Scott moved for reconsideration. Doc. No. 307. The court denied the motion on August 1, 2017. Doc. No. 310. Mr. Amerson and Ms. Scott filed a Notice of Appeal on August 16,

The bankruptcy court's Order on Pending Motions issued July 13, 2017 summarizes the history of this matter. Bankruptcy Case No. 12-17245-KHT, Doc. No. 305 (also attached to the pending Petition).[2]  In January 2012 a gentleman by the name of Seale A. Moorer executed a will in the state of Florida. Petitioner Frances Moorer Scott is the daughter of Mr. Moorer, and Petitioner Galen LeMar Amerson is Ms. Scott's husband. A month after the will was executed Mr. Moorer died. Two months later Mr. Amerson and Ms. Scott filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Colorado. *Id.* at 2.

Mr. Amerson and Ms. Scott did not disclose Mr. Moorer's death or Ms. Scott's anticipated inheritance in their bankruptcy case. Ms. Scott did, however, file a suit in Florida to contest the will. Mr. Amerson and Ms. Scott did not inform the bankruptcy court or the Trustee of that suit until sometime in 2013. However, upon learning of the Florida suit, the Trustee reopened the Chapter 7 proceeding and began to participate in the Florida case on behalf of the bankruptcy estate. Mr. Amerson and Ms. Scott unsuccessfully petitioned the bankruptcy court to order the Trustee to abandon the estate's interest in the will contest, and on July 14, 2014 the bankruptcy court approved the Trustee's settlement of the Florida case. *Id.* at 2-3. The bankruptcy court refers to that approval as the "Settlement Order." *Id.* at 3.

---

2017. Doc. No. 314. On August 18, 2017 the BAP issued an order to show cause by August 31, 2017 as to why the appeal should not be dismissed for lack of jurisdiction. Doc. No. 316. The order noted that an appeal was due within 14 days after the bankruptcy court's denial of the motion for reconsideration (rehearing), but the notice of appeal was filed on the 15th day. On September 1, 2017 the BAP dismissed the appeal for failure to prosecute. Doc. No. 318. On October 10, 2017 Mr. Amerson and Ms. Scott filed an "Amended Notice of Appeal" in which they attempted to clarify that they wished to appeal to this Court, not to the BAP.

[2] Essentially the same background can be found in an order of the United States Bankruptcy Appellate Panel of the Tenth Circuit, *In re Galen Lemar Amerson,* BAP No. CO-14-045, 2015 WL 5162763 (Sept. 2, 2015) (unpublished) and in an order of the United States Court of Appeals for the Tenth Circuit, *In re Galen Lemar Amerson,* 839 F.3d 1290 (10th Cir. 2016). Those orders will be discussed later in this order.

Mr. Amerson and Ms. Scott at that time had the right to appeal the Settlement Order either to this Court or to the BAP. 28 U.S.C. § 158(a)(1), (b)(1). *See* Bankruptcy Rules 8001-8005. Represented by counsel Edward Levy they elected to appeal to the BAP. However, that court affirmed the Settlement Order, holding that Ms. Scott's interest under her father's will and in the will contest of that will were property of Ms. Scott's bankruptcy case. Bankruptcy Case No. 12-17345, Doc. No. 305 at 3. *See In re Galen Lemar Amerson,* 2015 WL 5162763 at *9. Mr. Amerson and Ms. Scott, still represented by Mr. Levy, then appealed to the United States Court of Appeals for the Tenth Circuit, which affirmed the decision of the BAP. No. 12-17345, Doc. No. 305 at 3. *See In re Amerson,* 839 F.3d 1290 at 1301. Mr. Amerson and Ms. Scott petitioned for a writ of certiorari to the United States Supreme Court, which denied the petition just two weeks ago, *sub nom Scott, Frances M. v. King, Dennis W.,* No 16-1429, 2017 WL 2362655 (Oct. 2, 2017).

While the petition for a writ of certiorari was pending Mr. Amerson and Ms. Scott filed the several motions in the bankruptcy court which were the subject of that court's Order on Pending Motions. The bankruptcy court denied their motion challenging attorney Levy's compensation. Bankruptcy Case No. 12-17345-KHT, Doc. No. 305 at 4. The court denied their motion seeking compensation from the Trustee for the loss of Ms. Scott's inheritance, finding that it was an impermissible collateral attack on the Settlement Order. *Id.* at 5-6. Put another way, the court found that it was impermissible attempt to relitigate issues that had already been addressed in the Settlement Order and on appeal of that order to the BAP and the Tenth Circuit.

I note that in the same order the bankruptcy court addressed arguments advanced by Mr. Amerson and Ms. Scott concerning the "Barton doctrine," which prevents in some circumstances

the assertion of claims against the trustees for acts committed while acting in their official capacity. *Id.* at 5. The court also addressed Mr. Amerson and Ms. Scott's "*Stern* Motion," in which they asserted that the Settlement Order was not a final order, and that the bankruptcy court lacked jurisdiction of enter it. I mention the Barton doctrine and the *Stern* motion because those same issues are mentioned again in the pending Petition. The Barton doctrine matter is moot. To the benefit of Mr. Amerson and Ms. Scott , the bankruptcy court did not rely on that doctrine. *Id.* The Court rejected the *Stern* motion, finding that it was an attempt to relitigate issues already decided by that court and affirmed by the BAP and the Tenth Circuit. *Id.* at 6-7. As indicated *supra* n. 1, Mr. Amerson and Ms. Scott moved for reconsideration. Bankruptcy Case No. 12-17345-KHT, Doc. No. 307. The bankruptcy court denied Mr. Amerson and Ms. Scott's motion for reconsideration on August 1, 2017. *Id.,* Dec. No. 310.

To the extent that the pending Petition is an appeal from the bankruptcy court's order of July 13, 2017 and its denial of reconsideration on August 1, 2017, it appears to be untimely under Bankruptcy Rule 8002(a)(1). *See supra* n.1. But regardless whether it is an appeal, a motion to withdraw the reference, or something else, the substance is that Mr. Amerson and Ms. Scott, having struck out in the bankruptcy court, the BAP, the Tenth Circuit, and even the United States Supreme Court, are looking to this Court as the last (or latest) port in the storm. Unfortunately, there is nothing that this Court can or will do. The issues have been fully litigated and decided.

**ORDER**

For the reasons given in this order, the Petition is denied and the matter is dismissed with prejudice.

DATED this 16th day of October, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge